Our second case is 25-1570 Taylor v. United States. Mr. McCaig. Good morning. May it please the court, my name is Ryan McCaig and I speak today on behalf of plaintiff Timothy Deshawn Taylor. I believe I have five minutes reserved for rebuttal but I would just like to confirm that at the end I speak today perhaps surprisingly I rise in defense of discretionary immunity. Discretionary immunity is absolutely legitimate, it's important, it runs through our Constitution, it runs through our federal statutes, it serves a very important purpose in providing the flexibility for law enforcement to make the kind of judgments without being second-guessed all the time that will allow them to provide us with the freedom and the security that is our sort of you know birthright foundational principle and we know how far that goes back because it goes back to Alexander Hamilton talking about the executive requiring discretionary immunity in the Federalist Papers. It runs throughout the Constitution, it is codified then by Congress and all the stuff with the TCA and that's the big issue here. Now the FBI as much as good things as I have to say about this the discretionary immunity exception and why I believe it it is a necessary tool to prevent unnecessary vexatious sort of annoying litigation tying up the law enforcement in the courts. As much as I believe in the FBI has actually taken the position in their briefs they've cited and there's there's case law that they've cited it from although perhaps it doesn't go as far as the FBI would have it go they would say that that that the that the discretion is absolute that they are free to abuse the discretion as much as they want. Counsel I don't I don't read the government's briefs that way or the district court ruling that way. I think everybody for present purposes everyone seems to agree that the discretionary function exception runs out at the point where there's a constitutional violation. What the district court held was that the complaint didn't sufficiently plead a constitutional violation and I don't see you responding to that in your brief. Oh well I could respond to it now more clearly it's um well it's difficult because for instance the arrest that was made for the McDonald's robbery that's for the second time that's not a constitutional violation in and of itself because the arrest was was lawful okay um it set aside the federal statutory requirements for it. Now I think the real problem that you have here though and we have cited this in our in our complaint is you have this idea of an equal protection violation for one thing. Well can I just um sure I agree that your complaint raises the equal protection issue but I'm concerned that your brief on appeal doesn't argue any constitutional violation it just argues that if there is a constitutional violation then there's no you're not within the discretionary function exception but I your brief doesn't argue the constitutional violation. It may not have put it in there as a lot like it should have in terms of the focus on that I think what runs throughout everything we've written though is that there there were similarly situated people there were the two people that were the real killers they were white and then there were the two people who were innocent and they were black and they were they were treated very very differently and we've alleged that the government knew that the the two black men who were accused of this publicly by the FBI that the FBI knew or had to know that but no later than 2009 because an alibi was checked out they were found out to be four and a half hours away from the site of the kidnapping at the time that the kidnapping occurred so they it would it was it was objectively impossible for them to have done this and the government itself admits that it knew since 2018 now this case is it presents some extremely unique facts and some extremely horrifying facts they say hard cases make bad law which is why I haven't really suggested a specific test in this I've more said there's certain things we see this in the Constitution all the time that you that you would they didn't even think that they needed to write down things that you would put in the natural law category or something like that but in this case what we're essentially saying is that it that one thing that the government cannot do is it cannot essentially bring charges against somebody that it knows is innocent of a crime just for the purpose of manufacturing evidence against somebody else that they know is objectively innocent of the crime that's what happened here the court doesn't have to strike out a ten-part balancing test or anything like that all the court has to has to recognize is that wherever the outer lines of immunity lie this is somewhere far outside of it this is frankly it's it's it's outrageous that the FBI well not only that they did this but we still haven't even heard any remorse from them and if they can do this to an American citizen they can do it to anybody all the guarantees of freedom of Liberty they don't hold and the immunity Mr. McKay can I interrupt you for a second you mentioned the alibi I think you alleged that in your complaint you say today that it was an ironclad alibi it's not clear to me when the FBI might have known about that if at all but wasn't there I mean weren't they relying on a testimony of an informant who indicated that your client had in fact been involved in the murder they were they were lying supposedly it's been a little bit hard to get information what they were relying on but there was there was certainly an informant that that they did rely on now the the person that that made the initial alibi finding we alleged that that they knew about this I mean whether it's about what Newton knew about the that the alibi had been established because the original task force that took it over it started off as a state task force they're the ones who determined the alibi the FBI then came into it I would say by constructive knowledge or by how just getting the file surely they read that surely they knew about that they had to have known about it every officers we talked about in our complaint right but you know part of an investigation is so you may know about a potential defense as an investigator but you've got an informant who suggests that your client was actually involved I mean that is the FBI just supposed to fold up their tents and go home no I'm not saying they're supposed to fold up their tents and go home but that that casts it as sort of as sort of a negligent investigation this was something a lot worse than that this was this was knowingly using all of the might of the federal government to try to destroy what they knew to be an innocent man counsel can I um I mean the the facts alleged in the complaint are very compelling no doubt but I'm just trying to get my hands around the kind of unusual posture of this case so the district court even putting to one side the discretionary function exception the district court said even if that didn't apply it would have dismissed the complaint on three other grounds statute of limitations which you do contest but then also the defamation exception and the heck bar and you didn't object to that to those two grounds in the district court and don't address them on appeal and so I'm trying to figure out I think we have to take those rulings as a given that the heck bar applies and the defamation exception applies I do I concede essentially both of those okay well then let me ask you why doesn't that suffice to make this case dismissible well because for the the heck statute that what the state says is that essentially we're trying to invalidate the McDonald's robbery and the conviction we're not doing that at all well then you are that is an argument for why the heck bar doesn't apply but again you never made that argument in the district court or on appeal so let's assume there's a heck bar and you can't raise claims that are related to the McDonald's robbery conviction and let's also assume that the defamation exception applies so you can't raise claims that arise from the FBI's disclosure of information right if that's out is there anything left of the case I think that there still is because I think that I think that what well as far as the defamation here I know that the state would say that everything I'm saying is really it sounds in defamation and I'm trying to build a case there's not defamation because that is an exception to the FTCA this involved conduct that went far beyond defaming someone this involved essentially calling down a lynch mob on people and then once you knew it was there keeping it there keeping it there and never to this day apologizing for for summoning it and and the McDonald's robbery we don't challenge that to the extent of we don't we don't we don't say that's improper anything except the only thing we would say is that that you couldn't do what they because for instance as I believe I said in my brief with the McDonald's robbery if you wanted to make an arrest on somebody that you might not otherwise make an arrest on in order to squeeze you know some information out of for somebody that you had a good faith or some hunch to believe that was true maybe that would be okay but what you couldn't do is know that the person is innocent of the crime and use that to sort of bootstrap to go after another person to get one of them to talk knowing that what you're really doing is you're applying pressure in order to make people manufacture false evidence in order to result in a wrongful person being sent to prison for murder and a murderer in this case two murderers being allowed to go free when you step back from this even I realize it's it's very complicated with the law everywhere you kind of turn you kind of run into a wall I realize that's kind of where where I come from this but step back from this and you look at look at the facts that are alleged against the FBI what the FBI did and obviously we have to take all of those as being true at this point under a 12 v 6 ruling does an American have a recovery on those facts it clearly Americans must have a recovery on those facts if not we are all just one federal agent who doesn't like us away from ruining our lives and there's nothing that we can do about it clearly that's not the that was never the intent of Hamilton and the founders it wouldn't be the intent of Congress because the result of it counsel my concern is that we also have precedent and strong case law regarding prosecutors being able to investigate and make discretionary decisions and I just don't how do you get beyond that well for it's a little bit different with with with prosecutor immunity than it is with with police immunity what investigative investigative immunity yeah again I think that what that that the the differences and again these are these are very very unusual cases there I thought it was so difficult to find another case quite like this the Lamone case is the closest that I found because it's it's an intentional use of it's not a somebody made a bad decision it's not in that case that there was the issue of a sculptory evidence and and in I think it's the first circuit said well that's why there's a constitutional violation but I I think that's what we've been asking is what's the constitute if you rely on that case what's your constitutional well yeah it's again the constitutional violation would be the the unequal protection that would be that would be the strongest constitutional violation I think it also violates the rights of Timothy Taylor to be to be arrested and be used to have that kind of pressure put on him even if you were to do the Donald's thing to put pressure on him and do all of the things that they did to cause emotional to cause emotional turmoil knowing that he was innocent and the person they were trying to get him to speak about was innocent that has to be a constitutional violation if it's not and if I made you just say but I mean there's the distinction here is that Lamone had the actions taken by the FBI in that in that case led to the framing of someone who was actually innocent of the crime that was being prosecuted in this case your client pled guilty to the crime that was being prosecuted and and that's sort of the wrinkles that's where that's where I say this this involves a larger principle than what existed really in Lamone but it in no way could be proper governmental it couldn't be a all of this immunity it's to serve a purpose it serves the purpose I discussed at the beginning to make law enforcement flexible and not tie them up and harass them but to affirm this actually actually goes for a negative policy it provides a shelter for federal agents who intentionally wrongfully knowingly harm innocent people and set out to do so all right thank you mr. McKay thank you miss Hamlet may it please the court my name is Kim Hamlet and I represent the United States this case presents a straightforward application of the Federal Tort Claims discretionary function exception mr. Taylor seeks to impose tort liability on the United States based on the government's investigative and prosecutorial decisions these choices are protected by the discretionary function so can I just um I don't I don't even understand your colleague to be challenging that normally the discretionary function exception would apply here but his position and the district court seems to have adopted this position is that if there's a constitutional violation alleged then that exception doesn't apply and I understand that your position is consistent with that right yes your honor there is a Fourth Circuit case Medina that says that this court the Fourth Circuit begins with the principle that federal officials do not possess discretion to violate the Constitution to violate constitutional rights or federal statutes the sentence there from it is indicta that case did not involve a constitutional violation but the government's position as to the Constitution is the same that the court would take as to another federal statute regulation or policy if we look at Galbert the Supreme Court case that sets out that two-part test for us to apply here at step one the court looks at whether the conduct involves an element of judgment or choice and the Fourth Circuit and Bulger said that conduct involves an element of judgment I'm sorry I apologize for interrupting I just is it the government's position that the discretionary function exception does not apply if the charge conduct amounts to a constitutional violation so on the government's position is that if the charge conduct amounts to a constitutional violation where that constitutional provision at issue specifically mandated of course I did not get that from your brief this seems like a new refinement of the government's position do you do you do understand that your brief says in some cases a constitutional violation sort of Nick I'm just speaking colloquially negates the discretionary function exception but in some cases it won't yes your honor and apologies if that wasn't clear from the brief and and what I was getting at with the Galbert step one is that there you know the court looks at is there a federal statute regulation policy mandating a course of action and so the what I'm explaining here as to the Constitution is that the court were to treat that as is any other body of law does this mandate so only if it's very specific so for instance the Equal Protection Clause the Due Process Clause a due process violation because it's sort of inherently not going to be really specific the due process due process clause does not say anything very specific so that would not negate the discretionary function exception certainly not here there's not a plausible allegation of a different argument I really am I'm just I was brief I understood your brief to be accepting the general proposition without this refinement that a constitutional violation negates the discretionary function exception and I'm just really trying to get a handle on what the government's position is on that so let's assume for a minute that a due process and equal protection violations were adequately alleged in your view would that effectively nullify the discretionary function exception I do not believe so your honor and I did not get that from your brief that seems but you you think that's somewhere in your brief your honor our position in that we took in the district court and I don't appeal has consistently been that there's not a plausible constitutional by no but I'm asking you yes your honor yeah the hypothetical yes and what if there had been yes and and I don't believe that hypothetical issue was reached in the brief because we were dealing with the complaint that is before us as to the you know the factual allegations that are alleged I believe we do cite Medina we do cite that sentence there and Medina is very broad it doesn't say anything about the constitutional violation has to be specific right your honor yes that and it's yes there's a few of them are like I'm just trying to figure out in your view then what kind of a constitutional violation might nullify the exception because there's I mean I guess if someone under 35 runs for president is there anything else your honor I don't I guess I will answer your question with the main point being I guess that it's the court doesn't need to engage in this line drawing here because the government's position is the case falls well within discretionary function there's not a plausible constitutional violation but to answer your question your honor if we took the Fourth Amendment for example there's a clear prohibition against unreasonable searches and seizures and it just is a hypothetical example if a law enforcement officer were to enter the home of someone without a warrant and without any exception to that warrant requirement in the course of doing so were to commit a state tort and a lawsuit were brought under the federal tort claims act there that may closer to falling outside of this of this boundary of the discretionary function exception there there's a clear prohibition in reasonable searches and seizures and so as long as there was a sufficient allegations of constitutional violation of a state tort that is being alleged because ultimately in a federal tort claims act lawsuit their state tort claims that are that are being alleged and so for example if there was an assault claim or a false arrest and if that claim fit within the law enforcement proviso of a federal tort claims act that might fall outside of the discretionary function exception but our position as I said below and in this court has consistently been that there's not a plausible constitutional violation alleged as to the equal protection clause or as to due process there's a passing reference to those provisions and in the complaint but it's a cursory allegations that aren't sufficient in any event this court in applying the Galbert test and the two parts that Galbert test the district court correctly applied that and and determined that this challenge conduct here that involves investigative and prosecutorial decisions that this conduct fits squarely within the discretionary function exception as to the first part of the test where the challenge conduct involves a judgment or choice the Fourth Circuit in Blanco Ayala said there is discretion in the FBI's investigative choices and in Medina the court recognized the decision to initiate a prosecution has long been regarded as a classic discretionary function I believe Judge Benjamin asked the opposing counsel on their side as to that is to prosecutors and how they have discretion in determining when to bring charges against an accused as to the second part of the Galbert analysis the challenge conduct here is based on policy considerations Blanco Ayala again tells us that decisions on how to conduct an investigation what to do with information that's obtained in that investigation and ultimately whether to prosecute are all infused with public policy considerations officers have to exercise time and legal resources in determining how to weigh different evidence they're receiving during investigation in determining whether to pursue charges in Sutter the Fourth Circuit explained that you know imposing liability for these kind of decisions would seriously handicap the FBI and other federal law enforcement agencies and carrying out their duties and it would stymie the very purpose of the discretionary function exception which is to permit or to recognize that their separations of powers here and to prevent any second guessing of judicial by by the judicial branch of any policy decisions through this mechanism of lawsuits against the federal government counsel can I go back to the constitutional question and as you say the district court said that these allegations were too thin and conclusory to sort of sufficiently plead the violations but I guess I am wondering what else would be necessary because the facts that were alleged here were so bad that the FBI knows that this young black man has a confirmed alibi for the murder they know that local officials think it was actually a white person who committed the crime but they just target this young black man and they charge him with a robbery for which he's already been penalized in the state system just to squeeze him on the murder and they disclose all kinds of information incorrect information about him into the community and then eventually of course the white man is convicted if that's not enough to adequately allege I guess I guess I could start with the due process violation what else do you need your honor as to as to this is the complaint makes a passing reference to these provisions this is in paragraph 68 of the complaint that the selective enforcement is mentioned and then paragraph 248 of the due process is mentioned I think I mean certainly this court has explained us for selective enforcement there's a demanding burden there to show discriminatory effect and then an officer was motivated by a purpose I know I just wonder whether I totally agree you need to show the motivation and I did not see that expressly alleged but I mean on the facts as alleged like what else could it be there are facts this is a very lengthy complaint as I'm sure your honors are aware there are lots of allegations and at this stage the court accepts the factual allegations right and there are factual allegations that white individuals the individual who confessed the murder and his girlfriend there are allegations as to them and as to investigative steps the government took in you know in this investigation as to the kidnapping and murder and just to name a few examples to compare to the alleged treatment of the african-american plaintiff here mr. Taylor mr. Taylor alleges that at the time of his arrest for the armed robbery that he was lied to that told that he was under arrest for kidnapping and murder there is an allegation in the complaint that the individual the girlfriend was lied to by the government and told that there was evidence linking her via pings from cell phones that there was evidence as from her phone link to the victim who was who was killed as related to that investigation to the kidnapping murder and so there's this evidence as to law enforcement's techniques alleged these alleged you know techniques that were as to these individuals of different races there's also an allegation that mr. Taylor was arrested on a pretextual basis to get information about the kidnapping and murder although the arrest was for the armed robbery and there's an allegation as to the white individual the girlfriend that she was brought to the FBI on a pretextual basis but ultimately asked questions about the kidnapping and murder and so I think even within the complaint itself there's these allegations that cut against any argument that there was selective enforcement of the law which as I said there's a demanding burden upon a plaintiff to to allege that to allege that that there is selective enforcement to show discriminatory effect between individuals of different races and that an officer was motivated by discriminatory purpose and none of this was brief certainly as I said because the government's position it has always been that there's insufficient allegations as to constitutional violations and as I believe judge Harris pointed out as to the in the prior I'm opposing counsel's argument that that they that there isn't much sort of pushback you know that we see in their briefs certainly not before this court or in the district court so this this elaboration I guess that your honor judge Harris here I'm looking to you wasn't wasn't briefed as I said but our position has always been these are cursory conclusory allegations as to a potential constitutional violation and the district court correctly concluded that that these violations weren't plausibly alleged and and ultimately that the discretionary function exception bars these claims based on the government's investigative and prosecutorial decisions I do want to ask you about the the allegations regarding the the robbery the McDonald's or robbery because you talked about selective prosecution and I mean it is odd that the he's I think he's convicted in 2011 and then the FBI comes back in 2016 following the kidnapping and murder of the victim in this case and decides to charge him in 2016 which is I guess like five years later and as to you brought up this selective prosecution yes your honor there the I believe the robbery was in September of 2011 and the grand jury indicted mr. Taylor in June of 2016 this was within the five years or statute of limitations for the federal prosecution our brief I believe it's in footnote 3 that we cite the district court a district court opinion from the court that presided over the federal prosecution and explains how the government here went through layers and layers of approval to get a pettit policy waiver the Department of Justice has a policy that generally prohibits successive prosecutions when there's already been a state prosecution to then have a later federal prosecution but here the government obtained a waiver of that and had to go through layers and layers of approval there how come was there something like especially egregious about this McDonald's robbery so my understanding and this is from that district court opinion that we cite in our brief is that the government at a hearing before the district court in the federal prosecution said that the substantial federal interest here was as to the leniency of the sentence that mr. Taylor had received in the in the state case so my my understanding is that he had a probationary sentence whereas he had two co-defendants one of which had shot the McDonald's manager in the I believe it was a hand in the leg and that person was given a sentence of 25 years imprisonment and yet but that's because he shot the person right there's another co-defendant that had up to six years in terms of imprisonment and then the appellant here got a probationary sentence and so my understanding is this was one of the considerations for the government as to the leniency of the sentence that mr. Taylor had received in the state prosecution that was one of the considerations as you know as there are with any prosecutorial decisions there's considerations as to nature of the offense and what is the government interest and like I said there were layers of approval that had to be obtained what does it matter that they I mean he was indicted on it but nothing else happened after that on that charge right it kind of would go to the allegations of if you're talking about selective prosecution I mean he was never prosecuted so mr. Taylor was indicted by a grand jury on three count indictment and he pled guilty to one of the counts and all these counts stemmed from the armed robbery so his I believe the first count was a conspiracy to commit Hobbs Act robbery the second count was armed robbery and the third count was possession of a firearm and furtherance of a crime of violence section 924 C offense and he pled guilty to I believe it was a conspiracy he was sentenced and at no point has he challenged the federal conviction or sentence which gets us to the heck the heck versus Humphrey another ground on which you know the court here could affirm the district court system so I think judge Harris brought this up as to you know to the extent any of these claims are based on a challenge constitutional challenge that is as to mr. Taylor's federal conviction or sentence that claims barred by heck versus Humphrey because heck versus Humphrey requires a showing that the federal conviction or sentence was invalidated and also that the plaintiff brought the claim while in custody or could have brought the claim while in Mr. Taylor did not bring this if civil lawsuit while in custody and there's no allegation that he was prevented from doing so well in custody but certainly there's no invalidation at all of his federal conviction or sentence can I ask you about the since you raised the heck part about the district court sort of alternative holding holdings under heck and the defamation exception and I think we have to well let's assume for a minute we kind of take that as a given since they've never been challenged in your view do those two things together cover all of the claims in this case with those two rulings together the heck bar and the defamation exception be sufficient to dismiss the entirety of this case or are there claims that are neither that neither arise from defamation nor effectively challenge the robbery conviction and it's just a before answering your question does that question assume the discretionary function exception assume all we've got is heck and defamation got it yes yes your honor um and so I think that would cover the entirety of the complaint here I know there's not an official defamation claim in the complaint there's other three other claims but this court has said that the labeling of claims doesn't necessarily mean something isn't one for defamation and here certainly the allegations are that the government made untrue statements about mr. Taylor at the detention hearing and that this brought harm to his reputation which is essentially a defamation claim if not by name and so I think that this covers the the realm of the allegations in the complaint so the what the one sort of question I had is deaf I agree with that the you don't have to call it defamation if it arises from something that is defamation it falls under the exception and I do agree that that would cover the heart of the claims about the FBI's statements what about the claim that okay but in 2019 once everybody agrees the FBI no longer treated mr. Taylor as a suspect they never came forward and corrected the record what would that be covered by the defamation exception in your view and I understand that claim goes to the duty and maybe that's a negligence claim that you're referring to there isn't yeah and it also shows up a little bit in intentional infliction but it's the heart of the negligence claim right and I think certainly our position as to that is that there's a failure to state a claim and to allege any duty under the 12b6 part of our motion to dismiss and but but that would that survive the defamation exception in the heck bar I don't think that would I think there that claim falls more into the heck realm because the claim stems still from that federal prosecution where mr. Taylor during the defamation hearing he was the government asked for detention and in part because he had been identified as the suspect and and this allegation is to duty to correct the record I think it still stems from the events underlying the federal prosecution and heck tells us that when there's a challenge as to the federal prosecution and the conviction or sentence that that isn't permitted when there's a constitutional violation that is alleged and certainly this court can reach these other grounds can affirm on any ground that is apparent in the record I think judge Harris asked I'm opposing counsel as to waiver or is there any concern about waiver here about these grounds that aren't raised at all in his brief on appeal or before the district court and our position is at this point after there's been briefing and an opening brief and a reply brief that has failed to address several of the grounds for dismissal that these arguments have been waived they haven't been either brought I see my time is up but you can conclude okay yes your honor I was just going to say that the arguments either haven't been made or haven't been fully developed thank you for your time the court asked the government would expect labor pass that the court affirmed the district court's dismissal of the complaint thank you thank you very much opposing counsel says that that the that not applying judicial or discretionary immunity here with stymie law enforcement the only other thing it was stymie would be law enforcement conduct that's intentionally bad conduct it doesn't it would deter that certainly if if there was a holding that you can't somebody in order to frame somebody else we would hope that that conduct would be deterred our law should deter that kind of conduct any type of normal sort of the type of discretion described in Medina we're not challenging we're not saying that that that the people should be allowed to second-guess ordinary charging discretion decisions but again this is a very unique case and and as judge Harris said in we've we pled essentially everything we could think of this is a very difficult case obviously to plead because like I said you kind of bump into different walls because the McDonald's robbery standing by itself could be justified although I will note that the the FBI was never shy yes attorney they were never shy about why they really brought that that wasn't really brought because of any leniency Mr. Taylor was a kid when it happened he got a youthful sentence he served it they made it very clear in that bond hearing they brought that they brought him in there to squeeze him and they said there were gonna be more people coming forward to say that that he and dad had done this and and it was it wasn't it's not just that that's defamation that's it that is a choreographed use of the federal law enforcement machinery for a bad purpose by actors knowing that that what they're doing has no merit that it's untrue that it's for a bad purpose there's no way that our law can countenance this kind of behavior as far as whether I've waived anything or anything like that I mean we've like I said we've put the best we can but on a 12b6 standard I believe there's some case law that says that that if it doesn't just look to the to the counts it looks to the the facts and so once again I'll just conclude by saying own these facts and the 69 pages of that complaint on those facts does an American citizen have anything that he can legally complain about because it's a mckay can I interrupt you for a second just so I understand where you think that precise violation actually occurred so and you can correct me if I'm wrong about the chronology but at least in the initial stages of the FBI's investigation of this murder they had an informant that had pegged your client as a potential person involved right and so is that right well about midway through that was about 2016 um when does the alibi come in well the alibi comes in in 2009 almost immediately afterwards so then the foreman comes in afterwards well it's kind of yeah afterwards it's kind of is confusing because they claim they had heard different things at different times it's kind of hard to ferret out what that really is because the FBI of course hasn't shared all the materials with me but but it was about 2016 where they're gonna charge mr. Taylor they go to his hometown right there by where he and his family live and they basically put the word on that the killers are here in this community then they arrest and bring him into court and say that he and his father did this that they they sold the girl in the prostitution that they fettered alligators this is outrageous behavior by the federal government and doing that they knew that that wasn't true they could not have possibly believed under what we know what we've alleged that that was the truth and they they want to sort of say we get away with all of it because technically we could have charged the McDonald's robbery federally it doesn't it doesn't pass sort of it's a little too cynical to even pass the common-sense test and I would just say it's not to whether I've waived something or whatever if I may not be the best lawyer in the world but I've played everything that I that I could think of to tell this this story this parade of horribles of things that occurred here and in this court I think it's for this court to look at the facts that we've pled and just answer that question simply own these facts does an American citizen have a recovery against the government all right thank you mr. McKay thank you all right thank I want to thank both counsel for their arguments we'll come down and greet you move on to our third and final case
judges: Albert Diaz, Pamela A. Harris, DeAndrea Gist Benjamin